IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

EMMANUEL SERVIN, individually and on
behalf of all others similarly situated,

                  Plaintiff,

                  *vs.*

CENTRAL PORTFOLIO CONTROL, INC.,
a Minnesota Corporation; and, JOHN AND
JANES DOES 1 THROUGH 25,

                  Defendants.

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff EMMANUEL SERVIN, individually and on behalf of all others similarly situated, against CENTRAL PORTFOLIO CONTROL, INC. ("CPCI"), and JOHN AND JANES DOES 1 THROUGH 25 based on the following:

1. Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The
Page **1** of **10**
Case 1:18-cv-01421-WCG   Filed 09/11/18   Page 1 of 10   Document 1

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

### I. PARTIES

13. EMMANUEL SERVIN is a natural person.

14. At all times relevant to this lawsuit, EMMANUEL SERVIN was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

15. CPCI is a for-profit corporation formed under the laws of the State of Minnesota.

16. On information and belief, CPCI maintains its principal place of business at 10249 Yellow Circle Drive, Suite 200, City of Minnetonka, Hennepin County, Minnesota. Its registered agent and office in Wisconsin is CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703-3691.

17. Defendants, JOHN AND JANES DOES 1 THROUGH 25 are sued using fictitious names as their true names and capacities are presently unknown to Plaintiff. This Complaint will be amended by inserting the true names and capacities of these defendants once they are ascertained.

18. On information and belief, JOHN AND JANE DOES 1 THROUGH 25 are natural persons or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the unlawful policies and procedures that are the subject of this Complaint. In addition, those Defendants personally control, and are engaged in, the unlawful acts, policies, and practices utilized by CPCI and, therefore, are personally liable for all the wrongdoing alleged herein.

## II.   JURISDICTION & VENUE

19. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because CPCI is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## III.   FACTUAL ALLEGATIONS

21. CPCI regularly engages in the collection of debts.

22. CPCI regularly collects or attempts to collect debts alleged to be owed others.

23. CPCI is a business the principal purpose of which is the collection of debts.

24. In attempting to collect debts, CPCI uses the mails, telephone, the internet, and other instruments of interstate commerce.

25. CPCI sent SERVIN a letter dated September 19, 2017 ("Servin Letter").

26. A true and correct copy of the Servin Letter is attached hereto as *Exhibit A*, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted SERVIN's financial account numbers and home address to protect his privacy.

27. The Servin Letter alleged that SERVIN had incurred and defaulted on a financial obligation to WebBank ("Servin Debt").

28. The Servin Letter identified the current creditor of the Servin Debt as "Absolute Resolutions Investments, LLC."

29. The alleged Servin Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes.

30. On information and belief, sometime prior to September 19, 2017, the creditor of the Servin Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to CPCI for collection.

31. The Servin Letter was CPCI's first written communication to SERVIN in connection with the Servin Debt.

32. The Servin Letter listed the "Balance Due" as $12,435.54.

33. The Servin Letter stated: "As of the date of this letter, you owe $12,435.54."

34. The unsophisticated consumer would understand the phrase "As of the date of this

letter" to imply that, on a date after the date of the letter, the amount of the debt would be greater.

31. On information and belief, the amount of the Servin Debt was static and did not increase.

32. On information and belief, the creditor of the Servin Debt does not charge interest late charges, or other charges.

33. The statement, "As of the date of this letter, you owe $12,435.54" is, therefore, false, deceptive, and misleading because at no time will the amount of the Servin Debt increase.

34. The statement in *Exhibit A* that "As of the date of this letter, you owe $12,435.54" is materially false, deceptive, and misleading because it influences the unsophisticated consumer's decision to pay the debt.

35. The statement in *Exhibit A* that "As of the date of this letter, you owe 12,435.54" is materially false, deceptive, and misleading because it influences the unsophisticated consumer to pay the debt promptly, and before paying other debts, because a delayed payment would result in the accrual of interest, late charges, or other charges.

36. *Exhibit A* deprived Plaintiff of truthful, non-misleading, information in connection with CPCI's attempt to collect a debt.

### IV. CLASS ALLEGATIONS

38. CPCI's conduct is consistent with the policies and practices used by CPCI when attempting to collect debts from consumers throughout the State of Wisconsin. Consequently, this action is brought by Plaintiff, individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

39. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

40. ***Class Definition.*** The Class consists of: All natural persons to whom CPCI mailed a written communication in the form of *Exhibit A* to an address in the State of Wisconsin which was returned by the U.S. Postal Service as undeliverable during a period beginning on September 11, 2017 and ending on October 2, 2018.

41. The identities of the Class members are readily ascertainable from the business records of Defendant and those entities on whose behalf Defendant attempted to collect debts.

42. ***Class Claims.*** The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendant having mailed an initial written communication in the form of *Exhibit A* to such Class member.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

44. ***Numerosity.*** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

45. ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

46. ***Typicality.*** The claims of Plaintiff are typical of Class because those claims arise from common course of conduct of the Defendant.

47. ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are averse to the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in

handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor counsel for Plaintiff have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

48. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

**V. CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

50. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

51. CPCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

52. JOHN AND JANES DOES 1 THROUGH 25 are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

53. The Servin Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

54. SERVIN is a "consumer" as defined by 15 U.S.C. § 1692a(3).

55. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

56. The use and mailing of *Exhibit A* by Defendant in an attempt to collect the Servin Debt violated the FDCPA in one or more following ways:

(a) Failing to provide in an initial written communication with a consumer the amount of the debt as required by 15 U.S.C. § 1692g(a)(1);

(b) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including, but not limited to, violation of §§ 1692e(2), 1692e(5), 1692e(10), and 1692g(a)(1).

## VI. PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

    (a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

    (b) An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B), which includes damages to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;

    (c) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    (d) An award to Plaintiff for services on behalf of the Class as determined in the discretion of the Court;

    (e) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) For such other and firther relied as may be just and proper.

### VII. JURY DEMAND

58. Trial by jury is demanded on all issues so triable.

Dated: September 11, 2018

*s/Francis R. Greene*
*Francis R. Greene*
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Francis R. Greene (WI Bar # 1115577)
*Attorneys for Plaintiff Emmanuel Servin*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com